UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


WILLIAM S. VINCENT, JR.                    CIVIL ACTION

v.                                         NO. 19-14078

STATE FARM FIRE AND CASUALTY COMPANY       SECTION "F"


ORDER AND REASONS

Before the Court is State Farm Fire and Casualty Company's
motion to dismiss for failure to state a claim.  For the reasons
that follow, the motion is GRANTED.  Within 14 days, the plaintiff
shall be permitted one opportunity to amend his deficient claims,
if he can in good faith do so.


**Background**

This insurance coverage dispute arises from a fire that
destroyed rental property in Metairie.

State Farm Fire and Casualty Company provided an "office
policy" of insurance to William S. Vincent, Jr. bearing policy
number 98-CK-7195-6, which was effective between October 1, 2018
and October 1, 2019.  The policy's declarations page lists the
location of the insured premises as 2018 Prytania St., New Orleans,
Louisiana 70130-5329.  In addition to affording coverage to certain
losses to the described Prytania Street premises, if certain
conditions are present, the policy also extends coverage for

1

property damage in the amount of $250,000 for "Newly Acquired or Constructed Property[/]Buildings."

In addition to the Prytania Street property, Mr. Vincent also owns real estate located at 8714-8416 Heaton Street in Metairie, Louisiana.  On December 5, 2018, a fire destroyed the Heaton Street property.  Despite due demand, it is alleged, State Farm has refused coverage under the Pyrtania Street policy for the Heaton Street fire.  On December 5, 2019, Vincent sued State Farm seeking to recover $175,000 in insurance proceeds for the Heaton Street fire, as well as penalties under Louisiana law.  According to Mr. Vincent's complaint, "[t]he [Heaton Street] property was a newly acquired or constructed building for purposes of the coverage provided by the policy."  State Farm now moves to dismiss the complaint for failure to state a claim.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)(quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014)(citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). A contract, such as an insurance policy, may be considered part of the pleadings: to determine

4

whether allegations sufficiently state a claim for insurance coverage, the Court properly may consider an insurance policy that is referred to in the plaintiff's complaint because it is central to the claim. See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)(citation omitted). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004); see also Fed. R. Civ. P. 12(d).

## II.

### *A.*

Louisiana law applies where, as here, the Court exercises diversity jurisdiction. See Lamar Advertising Co. v. Continental Cas. Co., 396 F.3d 654, 659 (5th Cir. 2005). Under Louisiana law, "[a]n insurance policy is a contract that must be construed in accordance with the general rules of interpretation of contracts set forth in the Louisiana Civil Code." Id.; Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003). Civil Code article 2045 provides that "[i]nterpretation of a contract is the determination of the common intent of the parties." "Words of a contract must be given their generally prevailing meaning." La. Civ. Code art. 2047. When the contractual language is "clear and explicit and leads to no absurd consequences, no further interpretation may be made in search of the parties' intent[,]"

La. Civ. Code art. 2046, and "the insurance contract must be enforced as written." Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 605 (5th Cir. 2018)(quoting Cadwallader, 848 So.2d at 580). An insurance contract must be "construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La.R.S. § 22:881.

To determine whether a policy affords coverage, the insured bears the burden of proving that the incident falls within the policy's terms, and the insurer bears the burden of proving the applicability of any exclusionary clause within the policy. Doerr v. Mobil Oil Corp., 774 So.2d 119, 124 (La. 2000). At the pleadings stage, then, the plaintiff must allege facts indicating that the incident is covered by the policy.

*B.*

Under Louisiana law, insurers owe insureds a duty of good faith and fair dealing. La.R.S. § 22:1973. Certain duties are statutorily enumerated and, if breached, the insurer is liable for damages. Id. For example, insurers must promptly pay policyholders: if an insurer "arbitrar[ily]" fails to "pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the

6

claimant[,]" then the insurer shall be liable for damages.  Id. at § 22:1973(B)(5).

Under La.R.S. § 22:1892(B), an insurer must pay a statutory penalty and reasonable attorney's fees and costs to the insured if it fails to pay the amount due or make a written offer to settle the claim within 30 days of receiving satisfactory proof of loss. An insured may recover the statutory penalty (50 percent of the amount determined to be due, or $1,000, whichever is greater) and attorney fees and costs only if it is determined that the insurer has acted arbitrarily, capriciously, or without probable cause. Id. at § 22:1892(B)(1).

A condition precedent to recovering on a bad faith claim under either §§ 22:1892 or 22:1973 is that the plaintiff must have a valid underlying coverage (breach of contract) claim.  See Bayle v. Allstate Ins. Co., 615 F.3d 350, 363 (5th Cir. 2010)(citation omitted).  A plaintiff may be awarded penalties under only one of the two provisions, whichever amount is greater; however, the plaintiff may seek attorneys' fees under § 22:1892 while seeking damages and penalties under § 22:1973.  Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009)(citations omitted). To recover under the penalty statutes, the plaintiff must prove that his insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an

7

arbitrary and capricious manner.  Id.; Guillory v. Lee, 16 So. 3d
1104, 1126 (La. 2009).  Arbitrary and capricious means "vexatious."
Dickerson, 556 F.3d at 297.  "'[V]exatious refusal to pay' means
unjustified, without reasonable or probable cause or excuse."  Id.
An insurer does not act vexatiously, the Fifth Circuit has
observed, "when it withholds payment based on a genuine (good
faith) dispute about the amount of loss or the applicability of
coverage."  Id. at 297-98.

III.

State Farm moves to dismiss both the plaintiff's insurance
coverage (breach of contract) claim and statutory penalties claim
on the ground that Mr. Vincent fails to provide sufficient factual
allegations to state a claim on which relief may be granted.  State
Farm submits the insurance policy in question and the plaintiff
concedes that the policy is central to his claim and should be
considered as part of the pleadings.  So it shall.

Contesting dismissal, the plaintiff counters that the Court
should deny State Farm's motion because his complaint gives fair
notice of his coverage claim as well as his claims seeking
statutory penalties.  Because the plaintiff alleges insufficient
factual content to state a plausible breach of insurance contract
claim and a plausible claim for statutory penalties, dismissal is
appropriate; however, the plaintiff will be allowed one

8

opportunity to amend his deficient allegations and provide factual content to support his claims if he can in good faith do so.

*A.*

First, the plaintiff claims that State Farm breached the insurance contract by failing to cover the fire loss at the Heaton Street property.  State Farm moves to dismiss on the ground that the plaintiff fails to allege facts that would indicate that the Heaton Street property is covered under the Prytania Street policy. The Court agrees.

Relevant to his coverage claim, Mr. Vincent alleges that he owns 8714-8716 Heaton Street in Metairie; that State Farm policy 98-CK-7195-6 provided property damage coverage in the amount of $250,000 for "Newly Acquired or Constructed Buildings," that "[t]he property was a newly acquired or constructed building for purposes of coverage provided by the policy," and that the property was rendered a "total loss" by fire.  Without more, these allegations do not implicate the coverage provision he invokes.

To determine whether the plaintiff alleges sufficient facts to support his claim that the policy at issue provides coverage, the relevant policy provisions, which are part of the pleadings, must be considered.  The described premises in the policy on the declarations page is 2018 Prytania St., New Orleans, Louisiana

70130-5329.  The policy affords an extension of coverage for newly acquired or constructed buildings; the plaintiff alleges that the Heaton Street property falls within the scope of the Newly Acquired or Constructed Property provision.  For coverage to extend to any property other than the described premises, the property must meet certain geographical and temporal conditions established in section 12:

    12.  Newly Acquired or Constructed Property

        a.  Buildings

            If this coverage form covers Buildings, you may extend that insurance to apply to:

            (1)  Your new buildings while being built on the described premises; and

            (2)  Buildings you acquire not at the described premises, intended for:

                (a)  Similar use as the building at the described premises; or

                (b)  Use as a warehouse.

    ...

        c.  Period of Coverage

            With respect to insurance on or at each newly acquired or constructed property, coverage will end when any of the following first occurs:

                (1)  This policy expires;

                (2)  30 days expire after you acquire the property or begin construction of that part of the building that would qualify as covered property; or

                (3)  You report values to us.

10

The Newly Acquired or Constructed property provision plainly limits coverage both geographically and temporally; the plaintiff fails to plead any facts that bring the Heaton Street property within the scope of the coverage afforded by this provision.  He fails to allege facts that the Heaton property is located on the described premises as required under section 12(a)(1);[1] he has not alleged the proposed purpose of the Heaton Street property as required under section 12(a)(2).  Nor has he alleged the date on which he acquired the Heaton property as required under section 12(c)(2).  At the pleadings stage, the plaintiff is obliged to allege facts indicating that the incident is covered by the policy.  Absent allegations of fact bringing the Heaton Street property within the scope of this provision he invokes, he fails to state a claim for insurance benefits under the policy.[2]

Mr. Vincent's allegation, without supporting facts, that "[t]he property was a newly acquired or constructed building for

---

[1] Indeed, the facts alleged indicate its impossibility.  Evaluating the sufficiency of allegations is a context-specific task.  Common sense compels the conclusion that a property in Metairie (in Jefferson Parish, Louisiana) is not "being built on" the described premises in the policy, Prytania Street in New Orleans (in Orleans Parish).

[2] Notably, the plaintiff does not seek to enforce coverage for the premises described in the policy.  Rather, he states that a different property on a different street in a different parish suffered covered damage.  It is the coverage provision he invokes that exposes his failure to allege any facts that would trigger coverage under the policy.

purposes of the coverage provided by the policy" is merely conclusory. The Court focuses on allegations of fact, not conclusions, in determining whether a plausible claim has been stated. What's missing is factual content that would make plausible his conclusion that coverage exists. At this stage the Court is not determining that the property is not covered; rather, the Court observes that no <u>facts</u> are alleged that would trigger coverage.

With the limited factual content in the complaint, the plaintiff offers a mere possibility that he might recover; he fails to plead factual content that allows the Court to draw the reasonable inference that State Farm breached the parties' insurance contract in failing to remit payment for the Heaton Street property fire. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

*B.*

Second, Mr. Vincent's failure to state a plausible breach of insurance contract claim dooms his bad faith claims. The bad faith claims are equally deficient even if considered separately: the complaint contains no factual allegations that, if proved, would indicate that State Farm acted vexatiously in denying coverage.

12

The plaintiff alleges only that he made "due demand" on State Farm and that State Farm "refused to acknowledge its coverage under the policy."  He alleges no facts such as whether he submitted a satisfactory proof of loss or when he did so, let alone the length of the delay between his submission and State Farm's refusal to remit.  In addition to failing to state a plausible breach of insurance contract claim, Mr. Vincent fails to state a plausible bad faith claim.

Accordingly, IT IS ORDERED: that State Farm's motion to dismiss is GRANTED; however, the Court will afford the plaintiff one opportunity to allege facts supporting his claims: the plaintiff's claims are hereby dismissed without prejudice to the plaintiff's opportunity to file an amended complaint to cure the deficiencies with these claims, if he can in good faith do so, within 14 days.  Failure to do so will result in dismissal of these claims **with prejudice** without further notice.

New Orleans, Louisiana, May 13, 2020

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE